IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUBERT JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 20-1387 |
| | ) | District Judge Joy Flowers Conti/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ERIC TICE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Hubert Jackson ("Petitioner"), has submitted for filing a "Petition Under 28 U.S.C. § 2241(c)(3) for Writ of Habeas Corpus Ad Subjiciendum" (the "Petition"), ostensibly filed pursuant to 28 U.S.C. § 2241.

The case was referred to a magistrate judge in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

The magistrate judge's Report and Recommendation, ECF No. 2, filed on October 16, 2020 (the "Report"), recommended that the Petition be treated as a Section 2254 Petition and be dismissed pre-service pursuant to habeas Rule 4 because it was a second or successive Section 2254 Petition over which this court lacks subject-matter jurisdiction. Petitioner was informed that he could file objections to the Report by October 30, 2020. After being granted an extension of time, Petitioner filed objections on November 27, 2020, which were ostensibly signed on November 19, 2020. The court deems the objections timely filed pursuant to the prisoner mail-box rule.

The objections do not require much discussion. Petitioner does not directly address the fact

1

that he has previously sought to attack his convictions herein as the Report found and that the present Petition is second or successive.  He repeatedly claims that the Report's correct characterization of the present Petition as second or successive deprives him of due process.  To the extent that he means procedural due process, he is simply wrong.  He was afforded notice about how the court proposed to treat the present Petition, and, by means of his objections, he was afforded an opportunity to be heard concerning such proposed treatment.   Under these circumstances, he was not deprived of procedural due process.

To the extent that he intends to invoke substantive due process or fundamental fairness, he was not deprived of substantive due process or fundamental fairness.  As the Report noted he has previously challenged the very convictions that he seeks to yet again challenge in the court.  This court sees no deprivation of fundamental fairness in denying him the ability to repeatedly challenge those same convictions via a habeas corpus petition in federal court.  This denial of his ability to do so is not absolute, because he is free to seek from the United States Court of Appeals for the Third Circuit leave to file a second or successive habeas petition.  His arguments raised in his objections are more properly made to the Third Circuit Court of Appeals, as it is clear the present Petition constitutes a second or successive Section 2254 petition.  Nothing in the objections persuades the court otherwise.

After careful de novo review of the Report, the objections and the record in these proceedings, the petition will be dismissed pre-service.

An appropriate order will be entered.

Dated:  December 3, 2020                         BY THE COURT:

                                                                        s/ Joy Flowers Conti
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE